UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAMES ARMSTRONG, et al.,

                      Plaintiff,

                                                     **ORDER**
            -against-                               CV 07-1024 (JS)(ARL)

HOMEBRIDGE MORTGAGE BANKERS CORP.,
and DAVID I. PANKIN ,

                      Defendant.

-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is a letter application from the plaintiffs seeking (1) to order the corporate defendants to appear by counsel or face default; (2) to order the individual defendants to appear by counsel, proceed pro se, or face default, (3) to extend the tolling provision previously in effect between the parties until the defendants respond to the class certification motion, and (4) to enter a discovery schedule they have proposed. By letter dated September 25, 2008, Bond, Schoeneck & King, P.L.L.C. ("Bond")advised the court that they were retained by the defendants and would be filing a substitution relieving Jackson Lewis as defendants' counsel. Bond also filed a notice of appearance on behalf of all defendants in the consolidated action with the exception of Jordon Harris. On October 22, 2008, the parties were scheduled to appear for their initial conference. A representative from Jackson Lewis appeared at the conference although she indicated that her firm had been fired by the defendants. No one from Bond appeared. Over the plaintiffs' objection, the court scheduled a further status conference and stayed discovery for thirty days to allow the defendants to resolve their representation issues. On November 24, 2008, a status conference was held at which time Andrew Byrne from Philip Nizer appeared for the defendant. Mr. Byrne indicated that he had just been retained for the defendants. Accordingly, the court relieved Jackson Lewis.

      To date, Philip Nizer has not filed a notice of appearance and Bond has not sought to be relieved as counsel. The plaintiff has again requested that the court push this case forward notwithstanding these representation issues. Although the court appreciates the plaintiff's frustration, the court must resolve the representation issues before it can enter a discovery schedule or address the parties' tolling agreement. Thus, on or before December 19, 2008, a representative from Bond, a representative from Philip Nizer, and all of the individual defendants shall advise the court how they intend to proceed. Bond is reminded that it remains an attorney of record for the defendants and must comply with this order. The defendants and their counsel are warned that their failure to respond to this order, may result in the imposition of sanctions including, but not limited to, a recommendation that their answers be stricken and that default

judgments be entered in favor of the plaintiffs.

Dated: Central Islip, New York
      December 11, 2008

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge